WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William A. Graven,<br><br>  Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>  Defendants. | No. CV-16-01249-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants State of Arizona, et al.'s motion to dismiss. (Doc. 14.) For the following reasons, the Court grants the motion.[1]

## BACKGROUND

Plaintiff claims that he suffered a "catastrophic business failure" after a "pervasive internal criminal enterprise [was] formed and operated [between] several of [Plaintiff's] executives," and attorneys from the law firm of Snell & Wilmer. (Compl. ¶¶ 36, 44, 47, 50–52, Ex. 6.)[2] After the Special Investigations Section of the Attorney General's Office reviewed Plaintiff's allegations, a formal case was opened on June 16, 2012. (*Id.* ¶¶ 38–39.) To date, nine of Plaintiff's former employees "have been indicted or negotiated pre-

---

[1] Defendant does not contest Plaintiff's motions to correct, (Docs. 7, and 11). Those motions are thus granted without objection. Plaintiff's motion for declaration of effective service, (Doc. 8), motion for effective service (Doc. 9), and requests for judicial notice (Docs. 10 and 12), are denied as moot.

[2] On a motion to dismiss the Court may consider documents that are attached to the complaint "without converting the motion to dismiss into a motion for summary judgment." *Lee v. City. of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).

indictment plea agreements, in five criminal cases for 60 felony counts." (*Id.* ¶ 43.) The Attorney General, however, brought no criminal charges against Snell & Wilmer. (*Id.* ¶¶ 56–58.) On December 14, 2015, Plaintiff met with Assistant Attorney General Michael Bailey and Chief of the Criminal Division Don Conrad who explained that "Snell & Wilmer['s conduct] . . . did not rise to the level of being criminal." (*Id.* ¶¶ 79–80.) Plaintiff's Complaint alleges that the Defendants' refusal to seek criminal indictments against third persons constitutes a violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution, and also constitute the state law torts of selective prosecution, selective enforcement, prosecutorial misconduct, conspiracy to commit prosecutorial misconduct, and abuse of prosecutorial discretion. (*Id.* ¶¶ 112–146.)

**DISCUSSION**

**I.     Legal Standard**

The lack of subject matter jurisdiction may be raised at any time by the parties or the Court. *See* Fed. R. Civ. P. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

/ / /

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## II. Analysis

The Eleventh Amendment acts as a limit on federal subject matter jurisdiction. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). State agencies are also immune under the Eleventh Amendment from private actions or suits for injunctive relief in federal court. *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). Additionally, the Eleventh Amendment bars damages suits against state officials in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Here, Plaintiff's complaint in its entirety is barred by the Eleventh Amendment.[3]

Plaintiff's complaint also fails to state a claim that is plausible on its face. As an initial matter, Plaintiff's complaint is comprised almost entirely of legal conclusions, which are erroneous. Plaintiff does not cite to any legal authority that suggests that he has a federal right to have third parties criminally prosecuted by state officials. Nor does Plaintiff cite any authority that would allow him to bring a state law claim against state officials for their failure to criminally prosecute third persons that he believes should be prosecuted. In fact, it is axiomatic that "criminal prosecutors may claim absolute immunity from damages liability for actions 'intimately associated with the judicial phase

---

[3] Plaintiff explicitly asserted in his briefings that he sought to sue the individually named defendants in their official capacity and not as individuals. (*See* Doc. 8 at 2.)

- 3 -

of the criminal process,' such as the prosecutor's initiation of a prosecution and presentation of the state's case." *Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Absolute prosecutorial immunity is meant to protect[ ] the prosecutor from harassing litigation that would divert his time and attention from his official duties' and to enabl[e] him to exercise independent judgment when deciding which suits to bring and in conducting them in court." *Id.* (internal quotation marks and citation omitted). Here, Plaintiff's claims assert an infringement of his rights based on the Defendants' decision not to prosecute third-party individuals. The pertinent actions of the Defendants being challenged here were the actions of an advocate of the state determining whether to bring charges, not the actions of an administrator or an investigator; thus, Defendants' actions are entitled to absolute immunity. *Id.* To the extent the Plaintiff names other non-prosecutors as defendants in his Complaint, he sets forth no plausible allegations suggesting that they have deprived him of a right under federal law or state law.

Accordingly, Defendants' motion to dismiss is granted.

**IT IS THEREFORE ORDERED**:

1. Plaintiff's motions to amend (Docs. 7, 11) are **GRANTED**.
2. Plaintiff's motion for declaration of effective service (Doc. 8) is **DENIED** as moot.
3. Plaintiff's motion for effective service (Doc. 9) is **DENIED** as moot.
4. Defendants' motion to dismiss (Doc. 14) is **GRANTED**.
5. Plaintiff's motion for judgment on the pleadings[4] (Doc. 20) is **DENIED** as moot.

///
///

---

[4] Plaintiff framed his response to Defendants' motion to dismiss as a motion for judgment on the pleadings. (*See* Doc. 20.) As a result, the brief triggered a new pending motion for judgment on the pleadings. The Court only addresses and rules upon Defendants' motion to dismiss. (Doc. 14.)

- 4 -

6. Plaintiff's motion for hearing (Doc. 22) is **DENIED**.

7. The Clerk of Court is directed to enter judgment accordingly.

Dated this 22nd day of September, 2016.

*G. Murray Snow*
Honorable G. Murray Snow
United States District Judge