1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| William A Graven, Plaintiff, | No. CV-16-01249-PHX-GMS |
|---|---|
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

Pending before this Court is Plaintiff William A. Graven's Rule 60 Motion for Relief, Motion for Change of Judge and a Motion for a Hearing to hear the two motions. (Doc. 29) as well as Plaintiff's Request for Judicial Notice (Doc. 31), Plaintiff's Motion for Sanctions (Doc. 33), and Plaintiff's Motion for Default Judgment (Doc. 34). The Motions are all denied.

On September 22, 2016, Plaintiff's Complaint, which the Plaintiff had twice amended, was dismissed. On September 30, 2016, Plaintiff filed a motion for reconsideration. The motion was denied on October 4, 2016. Plaintiff never appealed. Almost a year later on August 7, 2017, Plaintiff files a motion for relief based on newly-discovered evidence.

The Court dismissed the Complaint in September 2016, not only because it had no jurisdiction to grant the relief requested by the Plaintiff—a claim for monetary damages against state officials acting in their official capacity which is barred by the Eleventh Amendment -- but also because it failed to state a plausible claim. Even assuming the

evidence now proffered by the Plaintiff were newly discovered, nothing about it changes the dismissal for lack of jurisdiction, nor would it change this court's conclusion that Plaintiff still fails to state a plausible claim upon which relief could be granted.[1] The Motion for Rule 60 relief is thus denied and the matter remains terminated.

To the extent the Plaintiff seeks to disqualify the Court in a matter that remains closed, Plaintiff fails to comply with the statutory prerequisites or to provide a statutory basis for such a motion. 28 U.S.C. §§ 144, 455. Further, even if the motion complied with statutory requirements, (1) the proffered facts underlying the motion are not accurate (as it pertains to the Court's personal life, the undersigned's term as a Mormon Bishop ended in 1997). In addition, for the reasons aptly set forth in Defendants' Response, even if the undersigned were a currently serving Bishop and even were counsel for Defendants a currently serving Bishop the fact that both simultaneously served separate local church congregations in that capacity somewhere in the Phoenix metropolitan area, provides no basis for concluding that they even know each other, let alone a basis for recusal or disqualification. Thus the reasons asserted in the motion do not provide a basis for a person familiar with all the facts to conclude that it gave rise to an appearance of impropriety. *Liteky v. United States,* 510 U.S. 540 (1994), *Yagman v. Republic Ins.,* 987 F.2d 622, 626 (9th Cir. 1993). The motion for change of judge is denied.

The request for oral argument is denied because oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer Cty., Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

**IT IS HEREBY ORDERED** denying the Motion for Relief; Motion to Reassign Case; and Motion for Hearing (Doc. 29). This case shall remain closed and as a result.

///

---

[1] A screening memo and a charging document are not in and of themselves adjudicative facts that are not subject to reasonable dispute. Thus they cannot be the appropriate subjects of judicial notice. The Plaintiff's request for judicial notice (Doc. 31) is therefore denied. Even, however, were the Court to accept the Plaintiff's characterization of their contents does not change this Court's analysis set forth above or its original order of dismissal.

**IT IS FURTHER ORDERED** finding Plaintiff's Motion for Sanctions (Doc. 33) and Motion for Default Judgment (Doc. 34) moot. Plaintiff shall not file any further pleadings in this action.

Dated this 13th day of September, 2017.

*G. Murray Snow*
Honorable G. Murray Snow
United States District Judge